UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL LAUBMEIER,

                                    Plaintiff,

         v.                                              3:06-CV-1372
WAYNE E. BENNETT, et al ,

                                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiff commenced the instant action against Defendants arising out of his arrest
and confinement in a hospital.  Plaintiff brings claims pursuant to 42 U.S.C. § 1983 and also
asserts various state law causes of action.  Presently before the Court are: (1) Defendant
Wayne Bennett's motion to dismiss; and (2) Plaintiff's cross-motion for leave to file an
amended complaint.

## I.      FACTS

Distilling the lengthy Amended Complaint[1] to the facts necessary to address the
pending motion to dismiss, Plaintiff alleges that he was unlawfully seized and detained
pursuant to a false allegation that he posed a danger to himself or others.  The Complaint
alleges that on June 10, 2004, Plaintiff was pulled over by two unknown New York State
Troopers who arrested him and transported them to Defendant A.O. Fox Memorial Hospital

---

[1] The Court considers the Amended Complaint because Plaintiff was entitled to file this
amendment as a matter of right.  See Fed. R. Civ. P. 15(a).  Accordingly, the cross-motion for leave to
file an Amended Complaint is granted and the Court will treat the pending motion to dismiss as applied to
the Amended Complaint.

where he apparently was detained and administered medications against his will.  Thereafter, Plaintiff was transferred to Defendant Mary Imogene Bassett Hospital ("Bassett") in Cooperstown, New York.  Plaintiff was detained at Bassett for eight days.

The Complaint further alleges that, on or about, August 30, 2005, Plaintiff received a telephone call by certain unknown New York State Troopers who ordered Plaintiff to turn himself in because a mental health order had been signed as against him.  Plaintiff complied. Plaintiff was then returned to Bassett where he was detained for several days.

Plaintiff alleges that Defendant Wayne E. Bennett was at all times relevant hereto in charge of the New York State Police with ultimate responsibility for the selection and training of the Defendant New York State Troopers.  Plaintiff claims that "Defendant Troopers John Doe #1 and #2 failed to recognize the impact their action [sic] were having on plaintiff's constitutional rights because they had not received proper or adequate training under the defendant Wayne E. Bennett."  Am. Compl. at ¶ 164; see also Am. Compl. at ¶¶ 172, 180, 187, 189, 254.  The Complaint clearly states that "Defendant, Wayne E. Bennett, is not claimed to have had any direct part in the events alleged below, but his [sic] is alleged to be liable to the plaintiff because he failed to adequately train and supervise the defendant Troopers. . . ."  Id. at ¶ 11.

## II.    STANDARD OF REVIEW

The pending motion tests the sufficiency of the claims pleaded in the Amended Complaint.  As the Supreme Court has held,  "a complaint must only include 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Fed. R. Civ. P. 8(a)).  "This simplified notice pleading relies on liberal discovery rules and summary judgment motions to define disputed

facts and issues and to dispose of unmeritorious claims." Id. Thus, a complaint is sufficient if it gives the defendant fair notice of the plaintiff's claims, the grounds upon which they rest, and states claims upon which relief could be granted. Id. at 514.

On a Rule 12(b)(6) motion, the Court accepts as true all factual allegations in the complaint. See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993). "Further, the court should construe the complaint liberally and draw inferences from the plaintiff's allegations in the light most favorable to the plaintiff." Tomayo v. City of N.Y., 2004 WL 137198, at * 5 (S.D.N.Y. Jan. 27, 2004)(citing Desiderio v. National Ass'n of Sec. Dealers, Inc., 191 F.3d 198, 202 (2d Cir. 1999)). However,

> 'sweeping legal conclusions cast in the form of factual allegations' do not suffice to state a claim even at the Rule 12(b)(6) stage. 5A Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed. 1990). 'While the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice.' Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).

Law Offices of Curtis V. Trinko, L.L.P. v. Bell Atlantic Corp., 309 F.3d 71, 74 (2d Cir. 2002). Thus, the complaint must allege sufficient facts that would make the pleaded legal theories plausible. See Twombly v. Bell Atlantic Corp., 425 F.3d 99, 111 (2d Cir. 2005); Todd v. Exxon Corp., 275 F.3d 191, 200 (2d Cir. 2001). Dismissal is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," Phillip v. Univ. of Rochester, 316 F.3d 291, 293 (2d Cir. 2003)(citation omitted), or where the complaint fails as a matter of law. Phelps v. Kapnolas, 308 F.3d 180, 187 (2d Cir. 2002). With this standard in mind, the Court will address the pending motion to dismiss.

III.     DISCUSSION

Defendant Bennett moves to dismiss the Complaint as against him on the grounds that: (1) the Complaint does not allege any personal involvement on his part; (2) the claims against him in his official capacity are barred by the Eleventh Amendment; and (3) Plaintiff's state law claims are time-barred.

a.     <u>Personal Involvement</u>

It is well-settled that to impose liability upon an individual pursuant to 42 U.S.C. § 1983, it must be shown that the individual was somehow personally involved in the deprivation of a federal constitutional or statutory right.  <u>Richardson v. Goord</u>, 347 F.3d 431, 435 (2d Cir. 2003); <u>Leonard v. Poe</u>, 282 F.3d 123, 140 (2d Cir. 2002) ("A supervisor may not be held liable under section 1983 merely because his subordinate committed a constitutional tort.").  Plaintiff may demonstrate supervisory liability by demonstrating one or more of the following criteria: (1) Bennett actually and directly participated in the alleged acts; (2) Bennett failed to remedy a wrong after being informed of the wrong; (3) Bennett created or approved a policy or custom that sanctioned objectionable conduct which rose to the level of a constitutional violation or allowed such a policy or custom to continue; (4) Bennett was grossly negligent in his supervision of the Troopers who committed the constitutional violation; and/or (5) Bennett failed to act in response to information that unconstitutional acts were occurring.  <u>Richardson</u>, 347 F.3d at 435.

Here, the Complaint expressly disavows option (1) above.  Am. Compl. at ¶ 11.  The Complaint further makes no allegation that Bennett: (2) failed to remedy a wrong after being informed of it, (3) created or approved a policy or custom that sanctioned conduct that rose to the violation of a constitutional violation or allowed such a policy or custom to

continue, or (5) failed to act in response to information that unconstitutional acts were occurring.  The Complaint purports to invoke option (4) above, alleging in several different paragraphs that the New York State Troopers failed to recognize that their actions were affecting Plaintiff's rights because they did not receive proper or adequate training by Defendant Bennett.

        While the Court recognizes the liberality of pleading under Rule 8, the Complaint offers nothing more than a conclusory allegation that Bennett failed to properly train the Defendant Troopers.  There is no allegation or hint in the Complaint giving rise to an inference that Bennett acted with deliberate indifference or gross negligence in supervising the New York State Police with respect to the issues raised in this case.  Barbera v. Smith, 836 F.2d 96, 99 (2d Cir. 1987).  There is no allegation that Bennett was responsible for supervising these individual Troopers under the circumstances of this case.  See Richardson, 347 F.3d at 431 ("[M]ere 'linkage in the [police department] chain of command' is insufficient to implicate a state commissioner of [the New York State Police] . . . in a § 1983 claim."); Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994).  There similarly is no factual allegation that there was a need for additional training of the New York State Police.  Aside from the events alleged in the Complaint itself, Plaintiff identifies no other incidents that might cause Bennett to believe that additional training was necessary.  See Aguilera v. County of Nassau, 453 F. Supp.2d 601, 608 (E.D.N.Y. 2006) ("In order to defeat a motion to dismiss for failure to state a claim the plaintiff's complaint must contain specific factual allegations tending to support the inference that the municipality failed to train its employees.  Generally, allegations of a single, isolated incident of police misconduct will not suffice."); McLaurin v. New Rochelle Police Officers, 373 F. Supp.2d 385, 401 (S.D.N.Y. 2005) ("An allegation that a municipality

was 'deliberately indifferent' to the need to train, monitor, or supervise its employees, without alleging any facts beyond the specific instance giving rise to his complaint, generally fails to adequately to plead a custom or policy on the part of the municipality.) (citing <u>Dwares v. City of New York</u>, 985 F.2d 94, 100 (2d Cir. 1993); <u>Sarus v. Rotundo</u>, 831 F.2d 397, 402 (2d Cir. 1987)); <u>see also Neighbour v. Covert</u>, 68 F.3d 1508, 1512 (2d Cir. 1995) ("The mere allegation that the municipality failed to train its employees properly is insufficient to establish a municipal custom or policy."); <u>Tricoles v. Bumpus</u>, 2006 WL 767897, at *4 (E.D.N.Y. 2006); <u>Vasquez v. Hasty</u>, 2005 WL 2271937, at *6 (E .D.N.Y. 2005).  Accordingly, the Court finds that the Amended Complaint fails to state a claim against Defendant Bennett and the § 1983 claims against him must be dismissed.

> **b.**      **Statute of Limitations**

Defendant moves to dismiss the state law claims of false arrest and false imprisonment on the ground that they are time-barred.  Plaintiff responds that false arrest claims are subject to a six year statute of limitations under N.Y.C.P.L.R. § 213(1) and that he otherwise may be entitled to a toll due to incompetency.  It is Plaintiff's argument that he was sane at all times relevant hereto, but that it is inconsistent for Defendants to claim that he was mentally unstable, thereby justifying his arrest and placement in a hospital, but sufficiently competent to timely commence this action.  <u>See</u> Pl.'s Mem. of Law at 24.

As an initial matter, both the false arrest and false imprisonment claims are governed by C.P.L.R. § 215(3), which provides for a one year statute of limitations.  <u>See Bonanno v. City of Rye</u>, 280 A.D.2d 630, 721 N.Y.S.2d 98 (2d Dep't 2001); <u>Kramer v. Herrera</u>, 188 A.D.2d 1038, 592 N.Y.S.2d 196 (4th Dep't 1992); <u>see also Abdell v. City of New York</u>, 2006 WL 2620927, at *3 (S.D.N.Y. 2006); <u>Mitchell v. Home</u>, 377 F.Supp.2d 361, 371

(S.D.N.Y. 2005).  With respect to the incompetency toll, in his memorandum of law, Plaintiff expressly claims that he is competent and never suffered from any mental incapacity.  This is supported by the factual allegations in the Complaint wherein Plaintiff claims not to have suffered from any mental illnesses and further alleges that Defendants had no reason to seize him and confine him in a hospital.  <u>See</u> Am. Compl. at ¶¶ 45, 46, 63, 84, 142, 143, 144, 208, 210, 216, 218, 225, 226, 233, 234, 242, 243, 250, 251.  As such, he cannot claim that he was insane and, therefore, entitled to the toll provided by N.Y.C.P.L.R. § 208.

Because the instant Complaint was filed on November 13, 2006, more than one year after Plaintiff's seizures and more than one year after he was released from any confinement, the state law claims are time-barred.

      **c.**       **<u>Eleventh Amendment</u>**

Defendant moves to dismiss the official capacity claims against Bennett on the ground that the Court lacks jurisdiction over any such claims under the Eleventh Amendment. The Court need not address this claim because it has dismissed all claims against Bennett.

To the extent, however, that Plaintiff seeks to obtain monetary damages from Bennett in his official capacity, such claims are barred in this Court by the Eleventh Amendment.  The Eleventh Amendment prohibits courts from exercising jurisdiction over lawsuits seeking monetary damages against a state, an agency thereof, or a state official sued in his or her official capacity unless the state waives sovereign immunity or Congress has expressly and validly abrogated that immunity.  <u>Board of Trustees of Univ. of Alabama v. Garrett</u>, 531 U.S. 356, 363 (2001); <u>Board of Educ., Pawling Cent. Sch. v. Schutz</u>, 290 F.3d 476, 480 (2d Cir. 2002); <u>Aiken v. Nixon</u>, 236 F. Supp.2d 211, 226-227 (N.D.N.Y. 2004), <u>aff'd</u>, 80 Fed. Appx. 146 (2d Cir. 2003); <u>see</u> <u>A.A. v. Board of Educ.</u>, 196 F. Supp.2d 269, 264

(E.D.N.Y. 2002)("Lawsuits against state officials in their official capacities are not lawsuits against these individuals but, rather, are lawsuits against the official's office.")(citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)).  "It has long been held that Section 1983 does not allow a State to be called into Federal Court to answer in damages for the alleged deprivation of a federal right." A.A. v. Board of Edu., 196 F. Supp.2d at 266 (citation omitted).

Inasmuch as New York has not waived its immunity from a Section 1983 damages award, that much of the case brought against the Defendant Bennet in his official capacity (which is, in essence, a claim against the New York State Police, a state agency), is barred by the Eleventh Amendment.  See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100-01 (1984); United States v. City of Yonkers, 96 F.3d 600, 619 (2d Cir. 1996)(affirming dismissal of Section 1983 suit brought against State Education Department on Eleventh Amendment grounds); Aiken, 236 F. Supp.2d at 226-227.  Further, "[j]ust as the Eleventh Amendment bars claims for relief under federal law, it acts as a bar to state law claims brought against a state in federal court." A.A. v. Board of Edu., 2002 WL 654319, at *6 (citing Winokur v. Office of Court Administration, 2002 WL 397657, at *6 (E.D.N.Y. March 14, 2002)).  Accordingly, all claims for damages against Defendant Bennett in his official capacity are dismissed.

## IV.    CONCLUSION

For the foregoing reasons, Defendant Bennett's motion to dismiss is GRANTED IN ITS ENTIRETY and the Complaint is DISMISSED as to him.

IT IS SO ORDERED.

Dated:January 20,2007

Thomas J. McAvoy
Senior, U.S. District Judge